[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his criminal trial counsel, Kenneth Simon, was ineffective in that he allowed him to plead guilty to criminal charges in Hartford for which he would receive an agreed total sentence of fifteen years which would include files to be sent from New London and Tolland which would be made concurrent in sentencing. He alleges that the prosecutor in Tolland refused to send the file to Hartford because a sentence of twenty years CT Page 1305 was demanded and his attorney failed to inform him that he could withdraw his plea in Hartford.
The charges in Hartford arose from an incident in Windsor on August 4, 1991 in which the petitioner and three others, one of whom had a shotgun, forced the owner into his house and tied and gagged him and two other occupants while the four removed items therefrom for which he was charged with kidnaping in the first with a firearm robbery in the first degree and burglary in the third degree. See Petitioner's Exhibit 1. A plea of guilt to accessory to robbery in the second degree in New London was sent to Hartford for sentencing. A robbery charge, similar to the incident in Windsor, was not sent from Tolland although it had been anticipated at the time of the petitioner's plea. Prior to sentencing in Hartford, the petitioner pled to the Tolland charge in a plea bargain of a twenty year sentence with a right to argue for less. After the court in Hartford imposed a fifteen year sentence, see Petitioner's Exhibit 2, the petitioner testified that the Tolland court imposed a five year sentence to be served consecutive to the Hartford sentence, which effectively imposed a twenty year sentence on all the charges.
The petitioner admits in his testimony that he discussed the Tolland plea with Mr. Simon and he knew that he was going to get twenty years from Tolland. Apparently from that knowledge he didn't know he would be getting fifteen years from Hartford. Mr. Simon testified that, when informed of the pleas in Tolland, he recommended that he not withdraw his plea in Hartford because of the twenty year sentence. Since the petitioner didn't consult with Mr. Simon prior to his plea in Tolland, any error in that decision cannot be attributed to Mr. Simon's representation. It's obvious from the transcript of the Hartford sentencing,Petitioner's Exhibit 2, that there would be no gain by a withdrawal of his Hartford plea because the Tolland court was free to impose a twenty year sentence. As Mr. Simon testified, the Tolland court, after the plea of the petitioner, was free to impose a twenty year sentence on the Tolland case and the Hartford court had no mechanism to limit the resulting total effective sentence. Since the petitioner plea bargained for a twenty year sentence from the Tolland court, the Hartford court lived up to its bargain as the petitioner acknowledged to Judge Damiani. Petitioner's Exhibit 2.
A successful petitioner must show that there is reasonable probability that, but for counsel's unprofessional errors, the CT Page 1306 result of the proceedings would have been difference. Copas v.Commissioner, 234 Conn. 139 (1995), Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352. 357. This court likewise should not act in sentence review where the Hartford state's attorney recommended a total effective sentence for the petitioner of twenty-five years, the Tolland court imposed a total effective sentence of twenty years and Judge Damiani suggested a fifteen year penalty.
For the above reasons the court denies the petition.
Corrigan, JTR